D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                  :     06 CV 2978 (ARR)

HONG MAI,
                Plaintiff,     :     NOT FOR
                                                  :     PRINT OR ELECTRONIC
    -against-                                    :     PUBLICATION

MICHAEL J. ASTRUE,               :     OPINION AND ORDER
Commissioner of Social Security,
                         Defendant.
------------------------------------------------------------------ X
ROSS, United States District Judge:

      Plaintiff Hong Mai brought this action pursuant to 42 U.S.C. § 405(g), requesting judicial review of the Commissioner of Social Security's adoption of the December 27, 2005, decision of Administrative Law Judge ("ALJ") Sol A. Wieselthier. Defendant Commissioner of Social Security, acknowledging that the ALJ committed legal errors in analyzing the evidence on record, moved to have this case remanded to the Social Security Administration for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. §405(g). Plaintiff cross-moved to have this case remanded solely for the calculation of benefits. By opinion and order dated July 10, 2007, the court granted the Commissioner's motion and denied plaintiff's cross-motion. Judgment dated July 12, 2007, was entered on July 16, 2007.

      By papers dated July 18, 2007, plaintiff objects to the court's order. The court construes this objection as a motion for reconsideration, which the court hereby denies.

      Plaintiff argues that reconsideration and a remand solely for the calculation of benefits are warranted because: (1) the court improperly relied on a report by Dr. Steven Rocker even though plaintiff neither saw Dr. Rocker nor included any evidence from Dr. Rocker in her complaint; (2)

1

the evidence conclusively established plaintiff's disability; and (3) consultative examinations by non-treating physicians are improper.

Plaintiff has not satisfied any basis for reconsideration under Fed. R. Civ. P. 59(e) or 60(b). Plaintiff's submission provides no facts or law which would alter the court's previous decision. Nor has plaintiff pointed to any evidence of "mistake, inadvertence, surprise, or excusable neglect;" newly discovered evidence; or "fraud [ ], misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(1)-(3). Similarly, there is no underlying judgment that is void or that has been satisfied, released, or discharged, or reversed or otherwise vacated; and plaintiff has not demonstrated that "it is no longer equitable that the judgment should have prospective application." Id. at 60(b)(4)-(5). Finally, plaintiff has presented no other compelling reason that would justify relief. Id. at 60(b)(6). Moreover, even if plaintiff had established a basis for reconsideration, the court would still find that a remand for further administrative proceedings was the appropriate remedy.

The court cited Dr. Rocker's opinion of plaintiff's capabilities and his observation of her wheelchair use in support of its conclusion that the medical evidence on record is inconsistent and, therefore, a remand for further proceedings was appropriate. Plaintiff argues that this was improper because she neither saw Dr. Rocker nor submitted any evidence from him to the court. These arguments are without merit. The certified copy of the administrative record filed in this case includes a copy of a report by Dr. Rocker, who performed an Administration-requested consultative examination of plaintiff on May 20, 2002. (See Exhibit 8F, R. 252-60.) The ALJ discussed this report with claimant at the hearing (R. 36), received it into evidence (R. 39-40), and evaluated this report in his written decision (R. 13). Plaintiff's bare assertion that she "did

not see any Dr. Rocker" is insufficient to contradict the report properly included in the administrative record. Nor is the court precluded from invoking Dr. Rocker's report because it was submitted as part of the record and not by plaintiff herself. In any event, additional inconsistencies in the medical evidence on record, such as Dr. Hall's treatment notes, also cited in the court's opinion, sufficiently establish that further findings would so plainly help to assure the proper disposition of this claim.

Such inconsistencies also rebut plaintiff's contention that the medical evidence conclusively establishes her disability. Having reviewed the record, the court already concluded that remand for a calculation of benefits is not appropriate in this case. See Schaal v. Apfel, 134 F.3d 496, 504-05 (2d Cir. 1998) (remanding for further proceedings where ALJ failed to comply with treating physician rule and application of correct legal standard "does not lead inexorably to a single conclusion"). The instant submission does nothing to alter this conclusion.

Finally, plaintiff argues that the Social Security Administration should render its decision based on the opinions of plaintiff's medical care providers as opposed to consultative examinations. The record reflects that plaintiff has refused to cooperate with the consultative examinations requested by the ALJ. As the court previously noted, the social security regulations share plaintiff's preference for the use of a treating physician as a consultant. See 20 C.F.R. § 416.919h, 919i. In addition, the court noted that if plaintiff fails to attend a consultative examination without good cause, the ALJ "will issue a decision based on the available evidence" and "may find that" plaintiff is not disabled. 20 C.F.R. § 416.918(a). The court further notes that when first adopting this regulation, the Department of Health and Human Services stated: "[W]e must, of course, make the disability determination on the basis of whatever evidence is

available to us. Since we usually send a person for a consultative examination when the evidence we already have is not sufficient to show disability, the refusal to go to the examination could result in our determining that the person is not disabled." 45 Fed. Reg. 55566, at 55573 (August 20, 1980). In any event, this argument fails to establish that plaintiff is entitled either to reconsideration or to a remand solely for the calculation of benefits.

For the reasons set forth above, plaintiff's request for reconsideration is DENIED.

SO ORDERED.

s/ Judge Allyne R. Ross<br>Allyne R. Ross<br>United States District Judge

Dated: August 6, 2007
Brooklyn, New York

SERVICE LIST:

<u>Pro Se Plaintiff</u>
Hong Mai
40-20 Beach Channel Drive
Apt. 10K
Far Rockaway, NY 11691


<u>Attorney for Defendant</u>
Kelly Coleen Horan
United States Attorneys Office
One Pierrepont Plaza
Civil Division, 14th Floor
Brooklyn, NY 11201